UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CHARLES ALLAN CRADY** *et al.*                                                            **PLAINTIFFS**

**v.**                                                                              **CIVIL ACTION NO. 3:25CV-P708-JHM**

**LOUISVILLE METRO POLICE
DEPARTMENT** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiffs Charles Allan Crady and Amber Rae Lickliter (a/k/a Miller) filed the instant action proceeding *pro se*. Plaintiff Amber Rae Lickliter also filed a motion to proceed *in forma pauperis*. Upon review, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the motion to proceed *in forma pauperis* (DN 8) is **GRANTED**.

Because the action is brought *in forma pauperis*, the Court must review the complaint and amended complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the

district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the original complaint, Plaintiffs sued the Louisville Metro Police Department, the City of Louisville, and John Doe Officer #1 alleging a claim for wrongful death under Kentucky law and claims for civil rights violations under 42 U.S.C. § 1983. The complaint stated, "Plaintiff Amber Rae Lickliter is the sister and next of kin of Jason Thomas Lickliter (deceased) and brings this action on behalf of his estate and herself." Above that statement was handwritten, "Charles Crady or[,]" but the complaint did not state Crady's relationship to Jason Thomas Lickliter.

An action for wrongful death under Kentucky law may only be brought by the "personal representative of the deceased." Ky. Rev. Stat. § 411.130(1); *Walker v. S. Health Partners*, No. 5:20-397-DCR, 2020 U.S. Dist. LEXIS 224422, at *4 (E.D. Ky. Dec. 1, 2020). Moreover, a claim under § 1983 is "entirely personal to the direct victim of the alleged constitutional tort." *Foos v. City of Delaware*, 492 F. App'x 582, 592 (6th Cir. 2012). As such, "only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000).

The Court entered a Memorandum and Order (DN 6) finding that Plaintiffs failed to establish that either of them was the appointed representative of the estate of Jason Thomas Lickliter and that they therefore could not bring this action on his or his estate's behalf. Before dismissing the action on that basis, however, the Court gave Plaintiffs the opportunity to file an amended complaint in which the personal representative of Jason Thomas Lickliter's estate was named as Plaintiff.

Plaintiff Amber Rae Lickliter has how filed an amended complaint (DN 7). She again states, "Plaintiff Amber Rae Lickliter is the sister and next of kin of Jason Thomas Lickliter (deceased) and brings this action on behalf of his estate and herself." The amended complaint gives no indication that she has been appointed the personal representative of Jason Thomas Lickliter's estate. While Amber Rae Lickliter states that she is the next of kin of Jason Thomas Lickliter, a next of kin is not the proper party to bring suit for wrongful death; such a claim must be brought by the appointed representative of the estate. *See Trimble v. Comair, Inc. (In re Air Crash at Lexington)*, No. 5:06-cv-316-KSF, 2007 U.S. Dist. LEXIS 12311, at *30 (E.D. Ky. Feb. 20, 2007) (citing *Birkenshaw v. Union Light, Heat & Power Co.*, 889 S.W.2d 804, 806 (Ky. 1994)). Moreover, to the extent Plaintiff may be alleging a state-law claim for loss of consortium, which would be personal to her, a loss of consortium claim cannot be brought by a sibling of a deceased person under Kentucky law. *Shemwell v. Thompson*, No. 2023-CA-0021-MR, 2024 Ky. App. Unpub. LEXIS 8, at *13-14 (Ky. App. Jan. 5, 2024).

In regard to Plaintiff's claims for violations of constitutional rights under § 1983, "only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). Therefore, a § 1983 claim asserting violation of constitutional rights causing a death may only be brought by the appointed representative of the deceased person's estate and may not by brought by a next of kin. *See Zimmermann v. Labish*, Case No. 2:22-cv-12338, 2023 U.S. Dist. LEXIS 107057, at *16 (E.D. Mich. May 12, 2023) (recommending dismissal of § 1983 claim for failure to state a claim where *pro se* plaintiffs "neither attach[ed], nor cite[d] proof of" appointment as a personal representative), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 176497 (E.D. Mich. Sept. 29, 2023); *Grady v. Madison Cnty.*, No. 1:19-cv-01153-STA-tmp, 2020 U.S. Dist.

LEXIS 99145, at *13 (W.D. Tenn. June 5, 2020) (dismissing claim for failure to state a claim finding that "[t]here is no reason to conclude from the Complaint that [the decedent's mother] is the duly appointed personal representative of [the decedent's] estate").

    For these reasons, the Court finds that Plaintiffs are not the proper parties to bring this suit. Having given Plaintiffs the opportunity to file an amended complaint to name the proper party, and Plaintiffs having failed to do so, this case must be dismissed for failure to state a claim upon which relief may be granted. The Court will dismiss the action by separate Order.

Date:   March 9, 2026

                                              Joseph H. McKinley Jr., Senior Judge
                                              United States District Court

cc:     Plaintiffs, *pro se*
4414.010